UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-X
JOSHUA ADAMS,

                              Plaintiff,

              -against-                            **REPORT AND**
                                                                                  **RECOMMENDATION**
THE ALCOVE RESTAURANT INC.,                  21-CV-3738 (MKB) (TAM)
ELIZABETH PIPA, and VALENTIN
PIPA,

                              Defendants.
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-X

**TARYN A. MERKL**, United States Magistrate Judge:

      Plaintiff Joshua Adams ("Plaintiff") initiated this action against The Alcove Restaurant Inc., Elizabeth Pipa, and Valentin Pipa (collectively "Defendants") on July 2, 2021. (*See* Complaint ("Compl."), ECF No. 1.) Plaintiff seeks, among other things, relief pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* (*Id.*) Currently pending before the Court are Plaintiff's motion for default judgment, which the Honorable Margo K. Brodie referred to the undersigned Magistrate Judge for a report and recommendation, as well as Plaintiff's subsequent motion to withdraw his default motion. (*See* Pl.'s Motion for Default Judgment ("Mot. for Default J."), ECF No. 12; Jan. 26, 2022 ECF Order; Mar. 30, 2022 ECF Minute Entry and Order.)

      For the reasons set forth below, this Court respectfully recommends that (1) Plaintiff's motion for default judgment be terminated in light of Plaintiff's withdrawal; and (2) the Clerk's Entry of Default be set aside.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

      The Court assumes general familiarity with the substance and history of the case and includes only the background relevant to the instant motions. As noted, this action

was commenced on July 2, 2021. (Compl., ECF No. 1.) On November 24, 2021, the Clerk of Court entered a certificate of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure due to Defendants' failure to appear or otherwise defend this action. (Clerk's Entry of Default, ECF No. 11.) Plaintiff then moved for default judgment on December 1, 2021. (*See* Mot. for Default J., ECF No. 12.) On January 26, 2022, Chief Judge Brodie referred Plaintiff's motion to the undersigned Magistrate Judge for a report and recommendation. (Jan. 26, 2022 ECF Order.)

On February 4, 2022, the Court scheduled a hearing on Plaintiff's default motion for March 17, 2022. (Feb. 4, 2022 ECF Scheduling Order.) The Court also mailed formal written notice to Defendants at all available addresses. (*See* Feb. 4, 2022 Notice Order, ECF No. 13.) On March 16, 2022, before the scheduled hearing, Plaintiff filed a letter motion seeking to adjourn the hearing and indicating that Defendants were in the process of retaining counsel. (Mot. to Adjourn, ECF No. 14.) In light of this development, the Court adjourned the hearing and scheduled a status conference for March 30, 2022. (*See* Mar. 16, 2022 ECF Order.) During the March 30, 2022 conference, at which defense counsel appeared, Plaintiff moved to withdraw the pending motion for default judgment and agreed that the Clerk's Entry of Default should be set aside. (*See* Mar. 30, 2022 ECF Minute Entry and Order.) Upon the parties' request, the Court also extended Defendants' time to respond to Plaintiff's complaint to April 28, 2022, and scheduled an initial conference on May 16, 2022 at 2:00 p.m. (*Id.*)

## DISCUSSION

### I. Legal Standards

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). Evaluating "good cause" under Rule 55(c) is "left to the sound discretion of a district court." *Enron Oil Corp. v.*

*Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). When determining whether to relieve a party from default, courts look to three main factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.* at 96; *see also Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001); *G&G Closed Cir. Events, LLC v. Lopez*, No. 21-CV-7164 (KMK), 2022 WL 633875, at *1 (S.D.N.Y. Mar. 4, 2022). "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96.

## II. Analysis

Applying the *Enron Oil* factors in this case, the Court finds that good cause exists to set aside the entry of default. First, rescission of the entry of default will not prejudice Plaintiff or significantly delay the litigation. Given that "prejudice to the nondefaulting party is 'the single most persuasive reason for denying a Rule 55(c) motion,'" the Court finds that this factor strongly supports a finding of good cause. *Murray Eng'g, P.C. v. Windermere Properties LLC*, No. 12-CV-052 (JPO), 2013 WL 1809637, at *5 (S.D.N.Y. Apr. 30, 2013) (quoting 10A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2699 (3d ed. 2010)).

As for willfulness, it is unclear why Defendants did not initially respond to Plaintiff's complaint after being served. (*See* ECF Nos. 6, 7, 8.) The Court notes, however, that defense counsel contacted Plaintiff's counsel approximately one month after the Court's mailing of notice to Defendants and appeared in the case shortly thereafter. (*See* Feb. 4, 2022 Notice Order, ECF No. 13; Mot. to Adjourn, ECF No. 14; Notices of Appearance, ECF Nos. 15, 16, 18, 19.) This timeline does not evidence the type of "egregious" or purposeful evasion that would support a finding of willfulness. *See S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (discussing the willfulness prong

and observing that, in the default context, willfulness has been interpreted "to refer to conduct that is more than merely negligent or careless").

Finally, with respect to the existence of potentially meritorious defenses, the Court cannot properly evaluate this factor, as Defendants have yet to respond to the complaint. However, considering the totality of the record, Defendants' conduct does not demonstrate such willful conduct or prejudice to Plaintiff to prevent setting aside the Clerk's Entry of Default. *See G&G Closed Cir. Events, LLC*, 2022 WL 633875, at *2.

## CONCLUSION

For the reasons discussed above, the Court recommends that Plaintiff's motion for default (ECF No. 12) be terminated in light of Plaintiff's withdrawal and that the Clerk's Entry of Default (ECF No. 11) be set aside.

\*   \*   \*   \*   \*

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

SO ORDERED.

Dated:   Brooklyn, New York
         March 31, 2022

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

4